UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :
        - v. -                    :       07 CRIM 1191
                                  :
ANGELA HAMBLIN,                   :
                                  :
            Defendant.            :
                                  :
- - - - - - - - - - - - - - - - - x



### COUNTS ONE AND TWO

(Mail Fraud)

The Grand Jury charges:

### The Fraudulent Scheme

1.   From at least in or about March 2007 up to and including in or about July 2007, ANGELA HAMBLIN, the defendant, engaged in a scheme to defraud by selling or offering for sale paintings that HAMBLIN represented to be authentic works of art by certain renowned artists when in truth and in fact HAMBLIN well knew the paintings to be fake because they were not in fact works by the artists she claimed them to be.

2.   As part of her scheme to defraud, ANGELA HAMBLIN, the defendant, sold or offered to sell, among other things, the following paintings, all of which HAMBLIN represented to be authentic works by the particular artist but which were in fact fake:

   a.   A painting that HAMBLIN described as "the Milton Avery Oil on Canvas," entitled "Summer Table, Gloucester,"

which HAMBLIN falsely represented was signed by the artist (the "Avery Painting");

       b.   A painting that HAMBLIN described as "the Juan Gris," a "Cubist Still Life and Collage on thick paper" or a "Gouache with Collage," which HAMBLIN falsely represented was signed by the artist (the "Gris Painting");

       c.   A painting that HAMBLIN described as "the Franz Kline," an "Oil on Masonite," which HAMBLIN falsely represented was signed by the artist (the "Kline Painting"); and

       d.   A painting that HAMBLIN described as an "[o]riginal watercolor by Joseph Mallord William Turner on blue paper" that depicted "The Ryder Water, with a distant view of Ambleside and the Langdale Fells," which HAMBLIN falsely represented was signed by the artist (the "Turner Painting").

       3.   As part of her scheme to defraud, ANGELA HAMBLIN, the defendant, made oral and written false representations to one or more Special Agents of the Federal Bureau of Investigation and others about the provenance of the paintings, including, but not limited to, false statements about when, how, and from whom she acquired the Avery, Gris, Kline, and Turner Paintings.

### Statutory Charges

       4.   On or about the dates set forth below, in the Southern District of New York and elsewhere, ANGELA HAMBLIN, the defendant, unlawfully, wilfully, and knowingly, having devised

and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud purchasers of art and to obtain money from those purchasers, for the purpose of executing such scheme and artifice to defraud and attempting so to do, did place in a post office and authorized depository for mail matter a matter and thing to be sent and delivered by the Postal Service, and did deposit and cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carrier, and did take and receive therefrom such matter and thing, and knowingly did cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed, the following matters and things:

| **COUNT** | **APPROXIMATE DATE** | **MAILING** |
|---|---|---|
| ONE | June 7, 2007 | Shipment of the Kline Painting from Revere, Massachusetts to New York, New York via Federal Express |
| TWO | June 7, 2007 | Shipment of the Turner Painting from Revere, Massachusetts to New York, New York via Federal Express |

(Title 18, United States Code, Sections 1341 and 2.)

**COUNT THREE**

**(Wire Fraud)**

The Grand Jury further charges:

5.   Paragraphs 1 through 3 are reincorporated and realleged as if set forth in full herein.

6.   On or about June 24, 2007, in the Southern District of New York and elsewhere, ANGELA HAMBLIN, the defendant, unlawfully, wilfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud purchasers of art and to obtain money from those purchasers, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, a writing, sign, signal, picture, and sound for the purpose of executing such scheme and artifice, to wit, HAMBLIN sent via facsimile from Revere, Massachusetts to New York, New York, three letters in which she falsely represented that she and her husband were the legal owners of authentic works of art by Juan Gris, Joseph Mallord William Turner, and Franz Kline, when in fact she knew that the Gris, Turner, and Kline Paintings that she was attempting to sell were fake because they were not in fact works by the artists she claimed them to be.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

7.  As the result of committing one or more of the mail and wire fraud offenses in violation of Title 18, United States Code, Sections 1341, 1343, and 2, as alleged in Counts One through Three of this Indictment, ANGELA HAMBLIN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to at least approximately $410,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the mail and wire fraud offenses.

<u>Substitute Asset Provision</u>

8.  If any of the above-described forfeitable property, as a result of any act or omission of ANGELA HAMBLIN, the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

  (Title 18, United States Code, Section 981(a)(1)(C);
   Title 21, United States Code, Section 853(p);
   Title 28, United States Code, Section 2461.)

_____  _____
FOREPERSON         MICHAEL J. GARCIA
              United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ANGELA HAMBLIN,

Defendant.

INDICTMENT

(18 U.S.C. §§ 1341, 1343, & 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____ Foreperson.